# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-00182-RLV-DSC

| | |
|---|---|
| MID-SOUTH INVESTMENTS, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATESVILLE FLYING SERVICE, INC., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**BEFORE THE COURT** are the following motions:

1. Defendant Statesville Flying Service, Inc.'s "Motion in Limine" (Doc. 33) and accompanying memorandum (Doc. 34);

2. Defendant Statesville Flying Service, Inc.'s "Motion in Limine to Exclude Testimony of Allen J. Fiedler" (Doc. 35) and accompanying memorandum (Doc. 36);

3. Defendant Statesville Flying Service, Inc.'s "Motion to Exclude Plaintiff's 'New' Photographs and Evidence Produced After the Close of Discovery." (Doc. 37) and accompanying memorandum (Doc. 38); and

4. Plaintiff Mid-South Investments, Inc.'s "Motion in Limine to Exclude the Testimony of Sammy Bereznak" (Doc. 47) and accompanying memorandum (Doc. 49), filed less than a week before trial.

Defendant Statesville Flying Service, Inc.'s "Motion in Limine" (Doc. 33) is **DENIED** subject to specific objection at trial. Defendant desires to preclude the admission of evidence of insurance or of mediation. Defendant also desires this Court to prohibit lay persons from offering expert opinion. Further, the Defendant desires this Court to preclude admission of matters not

produced during discovery or exchanged pursuant to pretrial disclosures. Finally, Defendant desires this Court to prohibit "Loss of Use" testimony.[1] The Court is aware of these rules. These generic types of motions *in limine* are disfavored. Accordingly, all are **DENIED** subject to specific objection at trial. Plaintiff need not respond to this motion.

Remaining before the Court's consideration are Defendant Statesville Flying Service, Inc.'s "Motion in Limine to Exclude Testimony of Allen J. Fiedler" (Doc. 35) and Defendant Statesville Flying Service, Inc.'s "Motion to Exclude Plaintiff's 'New' Photographs and Evidence Produced After the Close of Discovery." (Doc. 37). Plaintiff has yet to file a response. Plaintiff **shall file a response to both motions by Friday, May 13, 2016 at 4:00 pm.** Also remaining before the Court is Plaintiff's "Motion in Limine to Exclude the Testimony of Sammy Bereznak" (Doc. 47). Defendant shall file a response by **Monday, May 16, at 4:00 pm.**

This trial is a bench trial. The Court is the gatekeeper and the factfinder. The parties are placed on notice of the Court's general intention to hear the evidence subject to its later exclusion. *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006); *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005); *United States v. Sebolt*, 554 F. App'x 200, 206 (4th Cir. 2014).

**SO ORDERED.**

Signed: May 11, 2016

Richard L. Voorhees
United States District Judge

---

[1] The Court notes that the parties have filed a consent motion to amend the complaint to eliminate these damages. The Court has already granted the motion to amend.