# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:14-CV-00182-RLV-DSC

| | |
|---|---|
| MID-SOUTH INVESTMENTS, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATESVILLE FLYING SERVICE, INC., ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion. This matter was initiated and continues to be brought on behalf of "Mid-South Investments, Inc." However, filings by both parties recognize that the proper plaintiff in this action should be "Mid-South Investments, LLC." Accordingly, Plaintiff is directed to file a motion seeking to substitute the proper party in this case pursuant to Rule 17(a)(3).

The change in the form of the entity is not meaningless. In this case, subject matter jurisdiction is founded upon diversity of citizenship. A federal court has an independent duty to determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the Court is obligated to consider its subject matter jurisdiction *sua sponte*. *Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006) ("[The Court has] an independent obligation to consider the presence or absence of subject matter jurisdiction sua sponte."). In general, if subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3). To invoke the Court's diversity jurisdiction, a plaintiff must allege complete diversity of citizenship, which exists only when no party shares common citizenship with any party on the other side.

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The burden of demonstrating subject matter jurisdiction lies with the party asserting it. *Id.* at 88.

Currently, the jurisdictional allegations state that Plaintiff is a corporation organized under the laws of Delaware with its principal place of business in Arkansas. (Doc. 43, at ¶ 1). These jurisdictional allegations will not suffice. A limited liability corporation has the citizenship of its constituent members. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Gen. Tech. Applications, Inc. v. Exro Ltd*, 388 F.3d 114, 121 (4th Cir. 2004). Furthermore, when an LLC has, as one of its members, another partnership or LLC, the citizenship of the LLC must be traced through however many layers of members there may be in order to determine its citizenship. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010); Catawba Hardwoods & Dry Kilns, Inc. v. Advanced Lab Concepts, Inc., No. 1:10CV151, 2010 WL 2889576, at *1 (W.D.N.C. July 22, 2010). Therefore, in order to establish at the pleading stage its citizenship as a limited liability company, Plaintiff must allege the identities and citizenship of each of its members, defined as holding an equity interest in the LLC. Citizenship of each member must be alleged to insure that complete diversity exists in this action. The Court must be apprised of the identities of all members and their state(s) of citizenship for diversity purposes on the date this action was commenced. *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced . . . .").

[this space is intentionally left blank]

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file a motion to substitute the correct entity. Plaintiff shall also amend its Complaint and/or file an affidavit(s) to make a prima facie showing of complete diversity of citizenship. Plaintiff shall do so by **Monday, May 16, 2016 at 4:00 pm.**

**SO ORDERED.**

Signed: May 16, 2016

Richard L. Voorhees
United States District Judge